The opinion of the Court was delivered by
Johnston, J.
It certainly would surprise the great body of the landed proprietors of South Carolina, if the Court should sustain the appellant’s position, that a conveyance by one out of possession is void for champerty.
It is true, that the Statute 32 Henry VIII., ch. 9,(a) by which the sale of pretensed titles -is made an offence, is included in the table of English Statutes made of force in this State. But as long ago as Sims vs. De Graffenreidt,(b) it was held that one having title to lands, though never in possession, may convey without previous entry, and that the common law on that subject was not of force in this State ; and though the Statute of Henry is enumerated among the statutes made of force, it is inapplicable under our usages. And it was said, that from the earliest times, in this State, when one has good title to lands, he might convey them to a stranger, or bring action against any one in possession, without entry by himself, or any previous possession by his ancestor, or ever having received rent. To the same effect is the reasoning of Mr. Justice Waties in Rugge vs. Ellis,(c) which was tried in 1790; and again 1798, in Brown vs. Frost,(d) the same eminent Judge, having the concurrence on this *429 point of Justices Burke and Bay, said, “It was contended that this-action was not maintainable, because the plaintiff had lost his right of entry ; having never brought action or made entry on the land, either by himself or by those under whom he claimed for more than sixty years; and that the want of an adverse possession during that time, did not excuse him.” “Our action of ejectment, or the action of trespass substituted in the room of it, is adequate to every end, and possesses all the advantages of every real action in England, from an ejectment to a writ of right; and neither a descent cast, nor a want of entry, nor the omitting to bring an action within five years, will be a bar to it, if there has been no adverse possession running against it. This is known to' be the constant practice: and we see in court, every day, lands recovered which are claimed under ancient grants, of which the plaintiffs never had possession.” I will add that no professional man in South Carolina has any evidence from her records or from the practice, that an entry was ever held to be necessary.
We do not stand alone on this doctrine, — see the case of Barr vs. Gartz, 4 Wheat. 213.
We approve the instructions given by the Circuit Judge, as reported by him: and it is needless to say that so far as the representations made of them in the grounds of appeal, may differ from his report, we must adhere to the report.
The only complaint left relates to the exclusion of the notes of Mr. Elliott’s testimony taken on a former trial. Whether this was competent evidence or not, it is not material to decide ; it is sufficient that the appellant had the benefit of Mr. Elliott’s evidence through Mr. Pettigrew.
We are all of opinion that the motion for a new trial should be refused, and it is ordered accordingly.
Motion refused.
O’Neall, C, J., and Wardlaw, J., concurred.

Motion dismissed.

 2 Stat. 472.

 4 McC. 253, decided in 1827.

 1 Bay, 107.

 2 Bay, 133.